WOOD, Circuit Judge,
concurring in the judgment.
Theodore Richards stands convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, he has raised three principal issues: (1) whether the district court properly denied Richards’s motion to suppress on the ground that there was probable cause to stop his car and arrest him; (2) whether the district court abused its discretion when it admitted evidence of Richards’s telephone calls with a person in California, over an objection under Federal Rule of Evidence 404(b); and (3) whether the government improperly used that evidence during its closing argument. Like my colleagues, I find the first question close, but in the end I conclude that the district court’s decision not to suppress the evidence that resulted from the stop of Richards’s car was supportable, taking all the circumstances into account. And like my colleagues, I find that the prosecutor’s closing argument violated the limits that the court had placed on the evidence of the California calls, by inviting the jurors to convict Richards solely on propensity grounds. Moreover, this violation was prejudicial to Richards. Thus, I join my colleagues in their judgment that Richards has demonstrated that he must have a new trial. Where I part company with them is on the second issue Richards has raised: the admissibility of the California calls under Rule 404(b). I write to explain my position because this issue may arise in a retrial.
As the majority notes, ante at 760 n. 7, this is an odd case: normally it does not make any difference whether the defendant is holding actual drugs or the proceeds from the sale of drugs. But here, it does, because Richards was charged only with possession of cocaine with intent to distribute it. There was no conspiracy count, nor was there a direct distribution count that would have permitted a conviction based on the money. In my opinion, this was a fatal misstep on the prosecu *768 tion’s part in this case. It allowed Richards to argue, without fear of incriminating himself (at least with respect to the charges in the present case), that he thought that the backpack was filled with money, not drugs; this was in keeping with the role that he had played in the Michigan transaction. Nothing in the California calls gave the slightest reason to think that Richards had drugs rather than money, or money rather than drugs. I thus find the California calls useless when it comes to the particular question of knowledge that we have in this case: did Richards know that the bag contained drugs?
My colleagues place great weight on the fact that Richards’s conversations in California were with a person who went by the name “Pelón,” and that he was sent to the Pinecrest residence by men from “the Ranch,” where lots of people also went by that name. But “pelón” is just a Spanish word that means “Bald Guy,” or “Baldy.” I therefore cannot read anything into the fact that a number of people adopted the “pelón” moniker, any more than I would if people called themselves “Shorty” or “Red-head” or “Curly.” The fact that several people use the same nickname, with nothing more, does not establish that those people work together in the same enterprise or are in any way connected to each other. And it certainly tells us nothing about anyone’s role within the enterprise (supplier; distributor; courier; lookout; money-handler) for any given transaction. Other than the common nickname, there is no evidence that the man with whom Richards discussed drug deals in the wiretapped calls, Beltran (a.k.a. Pelón), had any connection to the men from “the Ranch” who sent Richards to the Pinecrest house. Ante at 760-61. Traveling to Chicago was never mentioned during the phone calls between Richards and Beltran. Id. at 752. The majority recognizes that evidence of “completely unrelated drug activity” would not be admissible to show that Richards likely knew that drugs as opposed to currency were inside the bag. Id. at 761-62. And it essentially admits that Richards’s phone calls with Beltran would be completely unrelated aside from the fact that “Beltran went by a common alias associated with those who sent Richards to Bolingbrook.” Id.
Richards contested the fact — essential to the government’s theory — that he knew that the backpack in the trunk of his car contained drugs. The California calls shed no light on that issue; they show only that Richards had discussed drugs with a man who goes by the same nickname as the people who sent him on the trip to the Pinecrest residence. These facts do not have a tendency to make it more or less probable that Richards knew that the particular bag had drugs, not money, and thus they fail the test of relevance imposed by Federal Rule of Evidence 401. I would find that this case is governed by United States v. Miller, 673 F.3d 688 (7th Cir.2012): the contested evidence proved nothing but Richards’s propensity to be involved in the drug trade. It shed no light on the crucial question whether the backpack contained drugs or money.
For these reasons, I respectfully concur in the judgment.